IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
**(Baltimore Division)**

JOEL I. SHER, CHAPTER 11 TRUSTEE for TMST, Inc., f/k/a Thornburg Mortgage, Inc,

        Plaintiff,

v.

BARCLAYS CAPITAL INC.,

        Defendant.

Civil No.: ELH-11-01982

**BARCLAYS CAPITAL INC.'S ANSWER TO TRUSTEE'S
COMPLAINT FOR DAMAGES**

Defendant, Barclays Capital Inc. ("Barclays"), through its undersigned counsel, hereby answers each of the numbered paragraphs of the Complaint filed on April 28, 2011 (the "Complaint"), by Joel I. Sher, Trustee for TMST, Inc., f/k/a Thornburg Mortgage, Inc. ("TMST" or "Plaintiff"), with the exception of paragraphs 46 through 50 addressing Plaintiff's breach of the covenants of good faith and fair dealing claim, which were dismissed by the Court by order entered on September 7, 2011.  Except as expressly admitted below, Barclays denies each allegation of TMST's Complaint.

    1.      Barclays denies the allegations contained in Paragraph 1 of the Complaint.

    2.      Barclays denies the allegations contained in Paragraph 2 of the Complaint, except admits that it informed TMST that, pursuant to the terms of the Master Repurchase Agreement and relevant trade confirmations (together, the "MRA"), it had sold ten MBS assets and retained three MBS assets.

    3.      Barclays admits the allegations contained in Paragraph 3 of the Complaint.

    4.      Barclays admits the allegations contained in Paragraph 4 of the Complaint.

5. Barclays states that Paragraph 5 of the Complaint avers legal conclusions as to which no response is required. To the extent any response is required, Barclays denies the allegations contained in Paragraph 5 of the Complaint.

6. Barclays states that Paragraph 6 of the Complaint avers legal conclusions as to which no response is required. To the extent any response is required, Barclays denies the allegations contained in Paragraph 6 of the Complaint.

7. Barclays admits the allegations contained in Paragraph 7 of the Complaint.

8. Barclays admits the allegations contained in Paragraph 8 of the Complaint.

9. Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and on that basis denies the allegations contained therein.

10. Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and on that basis denies the allegations contained therein.

11. Barclays denies the allegations contained in the first sentence of Paragraph 11 of the Complaint. Barclays admits the allegations contained in the second and third sentences of Paragraph 11 of the Complaint.

12. Barclays admits that Paragraph 12 of the Complaint provides a general description of a typical Repurchase transaction, but refers the Court to the specific terms of the MRA for the details regarding the transactions at issue.

13. Barclays denies the allegations in Paragraph 13 of the Complaint except admits that Barclays and TMST entered into the MRA on June 15, 2005 and respectfully refers the Court to that agreement for its full content and terms.

14. Barclays denies the allegations of Paragraph 14 of the Complaint that any trade tickets were part of the Trade Confirmations, and further denies the allegations of Paragraph 14 of the Complaint on the grounds that they comprise Plaintiff's characterization of a legal document rather than factual allegations. Barclays respectfully refers the Court to the MRA for its full content and terms.

15. Barclays denies the allegations of Paragraph 15 of the Complaint on the grounds that they comprise Plaintiff's characterization of a legal document rather than factual allegations. Barclays respectfully refers the Court to the MRA for its full content and terms.

16. Barclays denies the allegations of Paragraph 16 of the Complaint on the grounds that they comprise Plaintiff's characterization of a legal document rather than factual allegations. Barclays respectfully refers the Court to the MRA for its full content and terms.

17. Barclays denies the allegations of Paragraph 17 of the Complaint on the grounds that they comprise Plaintiff's characterization of a legal document rather than factual allegations. Barclays respectfully refers the Court to the MRA and the Trade Confirmations for their full content and terms.

18. Barclays admits that it has provided margin calls to TMST by e-mail, but denies the remaining allegations of Paragraph 18 of the Complaint on the grounds that they comprise Plaintiff's characterization of a legal document rather than factual allegations. Barclays respectfully refers the Court to the MRA for its full content and terms.

19. Barclays denies the allegations contained in the first sentence of Paragraph 19 of the Complaint on the grounds that they comprise Plaintiff's characterization of a legal document rather than factual allegations. Barclays respectfully refers the Court to the MRA for its full content and terms. Barclays further states that the second sentence of Paragraph 19 of the

Complaint avers legal conclusions as to which no response is required.  To the extent a response is required, Barclays denies the allegations contained in the second sentence of Paragraph 19 of the Complaint.

20. Barclays denies the allegations contained in Paragraph 20 of the Complaint, except admits the allegations contained in the second sentence of Paragraph 20 of the Complaint.

21. Barclays denies the allegations contained in Paragraph 21 of the Complaint on the grounds that they comprise Plaintiff's characterization of a legal document rather than factual allegations.  Barclays respectfully refers the Court to the MRA for its full content and terms.

22. Barclays admits the allegations contained in the first and fourth sentences of Paragraph 22 of the Complaint.  Barclays denies the allegations contained in the second and third sentences of Paragraph 22 of the Complaint.

23. Barclays admits the allegations contained in the first sentence of Paragraph 23 of the Complaint.  Barclays denies the allegations in the second sentence of Paragraph 23 of the Complaint.  Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 23 of the Complaint and on that basis denies the allegations contained therein.  Barclays denies the allegations contained in the fourth sentence of Paragraph 23 of the Complaint.  Barclays denies the allegations contained in the fifth sentence of Paragraph 23 of the Complaint on the grounds that they comprise Plaintiff's characterization of a legal document rather than factual allegations.  Barclays respectfully refers the Court to the MRA for its full content and terms.  Barclays denies the allegations contained in the sixth sentence of Paragraph 23 of the Complaint.

24. Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and on that basis denies the allegations contained therein.

25. Barclays denies the allegations contained in paragraph 25 of the Complaint, except admits the allegations contained in the first sentence of Paragraph 25 of the Complaint.

26. Barclays lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 26 of the Complaint and on that basis denies the allegations contained therein. Barclays denies the allegations contained in the third, fourth and fifth sentences of Paragraph 26 of the Complaint. Barclays states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the sixth sentence of Paragraph 26 of the Complaint and on that basis denies the allegations contained therein. Barclays denies the allegations contained in the seventh and eighth sentences of Paragraph 26 of the Complaint. Barclays admits the allegations contained in the ninth sentence of Paragraph 26 of the Complaint.

27. Barclays states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 27 of the Complaint and on that basis denies the allegations contained therein. Barclays denies the allegations contained in the third sentence of Paragraph 27.

28. Barclays denies the allegations contained in the first sentence of Paragraph 28 of the Complaint. Barclays states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph

28 of the Complaint and on that basis denies the allegations contained therein.  Barclays denies the allegations contained in the third sentence of Paragraph 28 of the Complaint on the grounds that they comprise Plaintiff's characterization of a legal document rather than factual allegations.  Barclays respectfully refers the Court to the MRA for its full content and terms. Barclays denies the allegations contained in the fourth and fifth sentences of Paragraph 28 of the Complaint.  Barclays admits the allegations contained in the sixth sentence of Paragraph 28 of the Complaint.

29. Barclays denies the allegations contained in the first, second and third sentences of Paragraph 29 of the Complaint.  Barclays denies the allegations contained in the fourth sentence of Paragraph 29 of the Complaint on the grounds that they comprise Plaintiff's characterization of a legal document and/or legal conclusions rather than factual allegations and respectfully refers the Court to the MRA for its full content and terms.  Barclays denies the allegations contained in the fifth and sixth sentences of Paragraph 29 of the Complaint.

30. Barclays denies the allegations contained in Paragraph 30 of the Complaint on the grounds that they comprise Plaintiff's characterization of a legal document and/or legal conclusions rather than factual allegations.  Barclays respectfully refers the Court to the Notice of Default for its full content and terms.

31. Barclays states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and on that basis denies the allegations contained therein.

32. Barclays denies the allegations contained in Paragraph 32 of the Complaint, except Barclays admits that its representatives participated in a conference call with TMST and Bear Stearns on or about August 14, 2007.

33. Barclays denies the allegations contained in Paragraph 33 of the Complaint, except admits that it sent a letter to TMST on or about August 23, 2007.

34. Barclays denies the allegations contained in Paragraph 34 of the Complaint.

35. Barclays denies the allegations contained in Paragraph 35 of the Complaint.

36. Barclays denies the allegations contained in Paragraph 36 of the Complaint.

37. Barclays denies the allegations contained in Paragraph 37 of the Complaint.

38. Barclays denies the allegations contained in Paragraph 38 of the Complaint, except admits that on or about August 28, 2007, TMST sent a letter to Barclays.

39. Barclays denies the allegations contained in Paragraph 39 of the Complaint, except admits that on or about September 4, 2007 it sent a letter to TMST.

### Count I
### (Breach of Contract)

40. Barclays hereby incorporates its answers set forth in paragraphs 1 through 39 as if set forth fully herein.

41. Barclays denies the allegations contained in Paragraph 41 of the Complaint.

42. Barclays denies the allegations contained in Paragraph 42 of the Complaint.

43. Barclays denies the allegations contained in Paragraph 43 of the Complaint.

44. Barclays denies the allegations contained in Paragraph 44 of the Complaint.

45. Barclays denies the allegations contained in Paragraph 45 of the Complaint.

### Count II
### (Breach of the Covenants of Good Faith and Fair Dealing)

Barclays states that Count II of the Complaint directly and exclusively addresses Plaintiff's claim for breach of the covenant of good faith and fair dealing, which has been dismissed by the District Court, and on that basis states that no responsive pleading

is required.  To the extent a response is deemed required, Barclays denies the allegations contained therein.

* * *

The remainder of the Complaint comprises Plaintiff's prayer for relief as to which no responsive pleading is required.  To the extent a response is deemed required, Barclays denies that Plaintiff is entitled to any remedy or relief on its claims whatsoever, either as requested or otherwise.

## AFFIRMATIVE DEFENSES

Barclays alleges the following affirmative defenses to the claims as set forth in the Complaint.  By designating the following defenses as affirmative defenses, Barclays does not admit or concede that any such defense is an affirmative defense or that it bears the burden of proof with respect to any such defense.  Barclays reserves the right to assert other affirmative defenses after discovery in this action.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each of the alleged causes of action, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is entitled to no relief under the terms of the agreements at issue, because the MRA has been legally terminated in accordance with the terms of the agreement.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has not suffered any cognizable injury.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff's alleged damages, if any, are too speculative and uncertain, and because of the impossibility of the proof and allocation of the alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

Dated:   October 10, 2011
         Baltimore, Maryland

Respectfully submitted,

MILES & STOCKBRIDGE, P.C.

/s/ Richard L. Costella
Richard L. Costella
Fed. Bar No.: 14095
Patricia A. Borenstein
Fed. Bar No.: 27668
10 Light Street
Baltimore, Maryland 21202
Tel: (410) 727-6464
Fax: (410) 385-3440
Email: rcostell@milesstockbridge.com

And

LINKLATERS LLP

Lance Croffoot-Suede
Paul S. Hessler
Martin S. Bloor
1345 Avenue of the Americas, 19th Floor
New York, NY 10105
Tel: (212) 903-9000
Fax: (212) 903-9100

*Attorneys for Barclays Capital Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of October, 2011, a copy of the foregoing *ANSWER* was served electronically through the Court's CM/ECF transmission facilities, and by first class mail, postage prepaid, on the following:

> Daniel Joseph Zeller, Esquire
> Shapiro Sher Guinot Sandler
> 36 S Charles Street, 20th Floor
> Baltimore, MD 21201
>
> Mark L.D. Wawro, Esquire
> Stephen D. Susman, Esquire
> Stuart V. Kusin, Esquire
> SUSMAN GODFREY LLP
> 1000 Louisiana, Suite 5100
> Houston, TX 77002-5096

/s/ Richard L. Costella
Richard L. Costella