# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

SUITE 5100
1000 LOUISIANA STREET
HOUSTON, TEXAS 77002-5096
(713) 651-9366
FAX (713) 654-6666
WWW.SUSMANGODFREY.COM

| SUITE 5100 | SUITE 950 | SUITE 3800 | 15TH FLOOR |
|---|---|---|---|
| 901 MAIN STREET | 1901 AVENUE OF THE STARS | 1201 THIRD AVENUE | 560 LEXINGTON AVENUE |
| DALLAS, TEXAS 75202-3775 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 | NEW YORK, NEW YORK 10022-6828 |
| (214) 754-1900 | (310) 789-3100 | (206) 516-3880 | (212) 336-8330 |

MARK L. D. WAWRO
DIRECT DIAL (713) 653-7804

DIRECT DIAL FAX (713) 654-6675
E-MAIL MWAWRO@SUSMANGODFREY.COM

June 12, 2012

Honorable Ellen L. Hollander
United States District Judge
United States District Court, District of Maryland
101 W. Lombard Street
Baltimore, MD 21201

Re: *Joel I. Sher, Chapter 11 Trustee v. Barclays Capital Inc.*
Case No. ELH-11-01982

Dear Judge Hollander:

Plaintiff (the Trustee) seeks the Rule 30(b)(6) deposition of Barclays on the valuation of the MBS in dispute. The deposition is properly noticed for Friday, June 15. The deposition notice is attached.

The parties' amended Scheduling Order ends fact discovery on August 24. Each side has 40 hours of depositions.

A core issue is how Barclays valued the securities at issue: "Suit is premised on a dispute as to whether Barclays' asset valuations, margin calls, Notice of Default, and liquidation of assets complied with the MRA." Memorandum Opinion, Sept. 7, 2011, at 8. The Trustee is entitled to start oral discovery by getting Barclays' position on that key issue. Each of the six deposition topics relates to that information: the prices Barclays attributed to the securities (Topic 1); how it determined those prices (Topic 2); each "generally recognized source" (per the contract) it used (Topic 3); how the valuation affected the margin calls or liquidation values used (Topic 4); Barclays' policies about valuing MBS (Topic 5); and the process by which Barclays determined, communicated, and memorialized the margin calls (Topic 6).

Obtaining this information through Rule 30(b)(6) is efficient and will streamline discovery. Moreover, the Trustee needs to know these facts before determining how best to allocate the balance of its deposition time. By contrast, Barclays is not entitled to dictate the Trustee's discovery plan, nor should it be allowed to force the Trustee to postpone a properly-noticed deposition for no good reason.

2300821v1/011977

June 12, 2012
Page 2

On May 18, the Trustee gave Barclays the 30(b)(6) topics and asked to schedule the 30(b)(6) deposition (plus an individual, Mr. Wray) by June 15. On May 25, Barclays suggested June 13 or 15 for Wray and said in-house and outside counsel were available those days.

On May 30, counsel conferred by telephone. Barclays said it would not produce the 30(b)(6) deponent the week of June 15, but did not say why. The next day, Barclays said it would not produce Wray June 13 or 15, either, but offered June 27 or 28.

On June 1, the Trustee noticed Wray for June 27 and, because Barclays had not suggested a date for the 30(b)(6) deposition, noticed it for June 15, when Barclays already said in-house and outside counsel would be available.

Barclays responded with a four-page letter June 4, arguing (a) that the Trustee should take other depositions before the 30(b)(6) deposition, and (b) the deposition topics were improper for various reasons. The Trustee replied by email (attached), and the parties conferred again June 6. As a compromise, the Trustee offered to depose a Mr. Chung, individually, if Barclays made him available the second week of June (email attached). Barclays did not agree. Instead, it offered Chung on July 10-13 and another witness on July 17-20. The Trustee replied that it would proceed with the 30(b)(6) deposition, and suggested Barclays should involve the Court if it continued to resist the deposition (email attached).

The deposition should go forward as noticed. The Trustee gave Barclays 4 weeks' notice of the topics and set the deposition for a day in-house and outside counsel had already cleared for a deposition. Barclays has still not offered any specific date for the 30(b)(6) deposition.

Moreover, the earliest Barclays offered to produce Wray was June 27, more than 5 weeks after we requested his deposition; and when the Trustee offered to compromise on the 30(b)(6) by taking Chung, the soonest Barclays said it could schedule him was July 10, also 5 weeks later. Barclays' approach will jeopardize the agreed August 24 fact discovery deadline.

Barclays prefers to defer committing to a position on valuation until the end of discovery, but doing so disadvantages the Trustee and is also inefficient. Barclays has had one month to prepare for the deposition. It said only two people were involved in valuing the securities in its interrogatory answers. There is no good cause to postpone the deposition now, especially for reasons Barclays knew it would advance almost a month ago.

2300821v1/011977

June 12, 2012
Page 3

Respectfully submitted,

SUSMAN GODFREY L.L.P.

Mark L. D. Wawro, Partner
Counsel for Plaintiff, Joel I. Sher, Chapter 11 Trustee