IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOEL I. SHER, CHAPTER 11 TRUSTEE for TMST, INC., f/k/a Thornburg Mortgage, Inc. | * * |
| Plaintiff | * Civil No. ELH-11-1982 |
| v. | * |
| BARCLAYS CAPITAL INC., | * |
| Defendant. | * |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

Now pending before the Court is a discovery dispute between the parties concerning the production of three categories of documents related to the value or price of certain mortgage backed securities ("MBS") sought by the Plaintiff Joel I. Sher, Chapter 11 Trustee for TMST, f/k/a Thornburg Mortgage, Inc. ("TMST and "the Trustee") from the Defendant Barclays Capital, Inc. ("Barclays"). The Trustee contends that the documents it has requested from Barclays should be produced and has filed a Motion to Compel (ECF No. 92-1) after good faith efforts by both parties to resolve this dispute failed.[1]

This Memorandum Opinion addresses: (1) the Trustee's Motion to Compel Production of Documents ("the Motion") dated June 10, 2013 (ECF No. 92-1); (2) Barclays' Memorandum of Law in Opposition dated July 1, 2013 (ECF No. 92-2); and (3) the Trustee's Reply to Barclays' Opposition dated July 15, 2013 (ECF No. 92-3). Pursuant to Local Rule 104.7, the Trustee has certified that counsel have conferred regarding the discovery dispute. ECF No. 92. The Court expressly notes that the issues have again been well briefed by the parties. The Court granted

---

[1] This case was referred to the undersigned by Judge Hollander for resolution of the Trustee's Motion to Compel. ECF No. 93.

1

Barclays' request (ECF No. 94) for a telephone conference with counsel to hear arguments on the Motion and a conference was held on August 23, 2013. ECF No. 97. The Court finds that no further hearing is necessary. *See* Local Rule 105.6. For the reasons set forth below, the Trustee's Motion to Compel is **GRANTED IN PART** and **DENIED IN PART**. This Memorandum Opinion disposes of ECF No. 92.

## I. BACKGROUND

This lawsuit is based on a Master Repurchase Agreement ("MRA") between Barclays and TMST, a real estate investment trust that focused on residential mortgage-backed securities ("MBS"). ECF No. 69-1 at 5. The MRA governed "individual repurchase transactions," allowing TMST to temporarily finance its purchase of securities through loans from Barclays. *Id.* The transactions were the "economic equivalent of a secured loan" (ECF No. 69-1 at 5); Barclays would hold the purchased securities as collateral until TMST effectively repurchased the securities by repaying the loans with interest on a specified date. ECF No. 69-1 at 5-7. The MRA allowed either TMST or Barclays to make margin calls "at any time" if the market value of the securities serving as collateral became less than or exceeded the designated repurchase price by more than the agreed upon "margin amount." ECF No. 69-1 at 6.

At the beginning of August 2007, seven repurchase transactions were outstanding under the MRA. *Id.* These transactions represented thirteen MBS, valued at approximately $2.7 billion. ECF No. 69-1 at 6. When the value of those securities began to decline below the margin amount, Barclays issued a series of margin calls and declared an event of default on August 14, 2007. *Id.* Barclays claims it declared the default because TMST failed to satisfy its duty to meet the margin call. *Id.* TMST claims Barclays did not provide "the contractually mandated time to contest or meet the call." ECF No. 7 at 9. After issuing a Notice of Default, Barclays disposed of

TMST's collateral by liquidating some of the MBS assets and taking some of those assets into its own inventory. ECF Nos. 69-1 at 6 & 69-2 at 5. The Trustee alleges that Barclays failed to liquidate the securities at "reasonably satisfactory prices or otherwise in a commercially reasonable manner." ECF Nos. 7 at 11 & 69-2 at 6-7.

In November 2011 and August 2012 the Trustee served two sets of document production requests on Barclays. ECF No. 92-1 at 17-25 & 27-31. Barclays objected to several of the requests, and after good faith efforts of the parties were not successful in resolving the dispute, the Trustee filed a motion to compel with respect to three of its document production requests. ECF No. 92-1. In the Motion, the Trustee asks that the Court compel Barclays to produce certain documents in response to Document Request Nos. 12 (as modified), 27 (as modified) and 32. ECF No. 92-1.

## II. DISCUSSION

Federal Rule of Civil Procedure 37(a) provides that, where notice has been given, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," Fed. R. Civ. P. 37(a)(1); *see also* Loc. R. 104.7, and must be made "in the court where the action is pending," Fed. R. Civ. P. 37(a)(2). Document production requests are properly the subject of a motion to compel discovery under Rule 37. *See* Fed. R. Civ. P. 37(a)(3)(B).

Central to resolving any discovery dispute is determining whether the information sought is within the permissible scope of discovery, as stated in Fed. R. Civ. P. 26(b)(1). *See, e.g.*, Fed. R. Civ. P. 34(a) (stating that document production requests must be "within the scope of Rule

26(b)"). Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Evid. 401; Fed. R. Civ. P. 26(b)(3) (explaining that work product or trial preparation material ordinarily is not discoverable). If good cause is shown, the Court "may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.

Federal Rule of Civil Procedure 26(b)(2)(C) "cautions that all permissible discovery must be measured against the yardstick of proportionality." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010). Under that rule, the court, acting *sua sponte* or at a party's request, "must limit the frequency or extent of discovery" if: (i) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (iii) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).

Federal Rule of Civil Procedure 34 governs document production requests. Pursuant to Rule 34, a party may request that the opposing party "produce and permit the requesting party . . . to inspect, copy, test, or sample" relevant documents, electronically stored information, and tangible things that are within the party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The party served with a document production request may object to the request if a legitimate basis for doing so exists. *See* Fed. R. Civ. P. 34(b)(2)(B)-(C). Thus, a party may object

that a document production request exceeds the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1); that it should be denied for the grounds stated in Fed. R. Civ. P. 26(b)(2)(C); that it impermissibly requests privileged or work product material, *see* Fed. R. Civ. P. 26(b)(3); or that documents should not be produced without implementation of a protective order, *see* Fed. R. Civ. P. 26(c). All objections to document production requests must be stated with particularity and specificity; objections may not be "boilerplate." *See Hall*, 231 F.R.D. at 470 (holding that "implicit within Rule 34 is the requirement that objections to document production requests must be stated with particularity in a timely answer, and that a failure to do so may constitute a waiver of grounds not properly raised, including privilege or work product immunity, unless the court excuses this failure for good cause shown"); *Thompson*, 199 F.R.D. at 173; *Marens*, 196 F.R.D. at 38–39.

### A. Document Request No. 12 (as modified)

In Document Request No. 12 (as modified in ECF No. 92-1), the Trustee seeks documents related to

> the Market Value, price, or mark, that a third party counterparty or third party agent of Barclays or the counterparty placed on the MBS at issue resulting from Barclays' repo of those same MBS to said counterparty (other than Thornburg) during the August 1, 2007 through August 31, 2007 time period.

ECF Nos. 92 at 2 & 92-1 at 5.

Barclays objects to this request "on the basis . . . that it seeks information not relevant to the dispute." ECF No. 92-2 at 8. Barclays contends that because the documents requested relate to marks that were necessarily "not used by Barclays to mark the MBS at issue in this litigation," the documents are not relevant to the Trustee's claims that Barclays breached the MRA or the Trustee's calculation of damages. ECF No. 92-2 at 8-9 ("The level of Barclays' marks, in comparison to what others in the market may have assigned, is not relevant. The only relevant

5

marks are those that were made by Barclays."). Barclays also argues that documents concerning marks "for the entire month of August [2007] is [an overbroad request]." ECF No. 92-2 at 9 n.5. The Trustee counters that documents reflecting the marks placed on the MBS at issue by third parties during August 2007 are "directly relevant" to its claims that Barclays

> failed to comply with the contract (the MRA), including its implied covenant of good faith and fair dealing, "by issuing one or more margin calls in the absence of a margin deficit" . . . and "declaring an Event of Default based on alleged failure to meet one or more margin calls that were not validly issued."

ECF No. 92-3 at 3. A comparison of the third party marks with Barclays' own marks, the Trustee argues, goes to the heart of the Trustee's claim that Barclays' marks in its dealings with TMST were improper, arbitrary and unreasonable. ECF No. 92-3 at 4.

I agree with the Trustee that the documents sought in this request are relevant to its claims. At the very least, the documents reflecting the marks that third parties placed on the MBS at issue are relevant to Barclays' liability, particularly with regard to the Trustee's claim that Barclays liquidated some of the MBS in a commercially unreasonable manner and retained other MBS at "screaming cheap" prices. ECF No. 92-3 at 4. I also find that the Trustee's request for documents spanning the entire month of August 2007 is not disproportionate to what is at stake in this litigation under Rule 26(b)(2)(C). The transactions at issue in this case are complex and any burden on Barclays is outweighed by the likely benefit of the production of this discovery. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).

Accordingly, the Trustee's Motion to Compel is **GRANTED** as to Document Request No. 12, as modified in ECF No. 92-1. Within seven days[2] of the date of the accompanying Order, Barclays shall produce to the Trustee all documents referring or relating to the Market Value,

---

[2] Judge Hollander's July 1, 2013 Memorandum to Counsel provides that "if the Trustee's motion to compel is granted in whole or in part . . . , Barclays shall produce the requested documents within one week of the docketing of the order." ECF No. 89.

price, or mark, that a third party counterparty or third party agent placed on the MBS at issue resulting from Barclays' repo of those same MBS to a counterparty other than Thornburg during the August 1, 2007 through August 31, 2007 time period.

B. Document Request No. 27 (as modified)

In Document Request No. 27,[3] the Trustee seeks

> [a]ll documents sufficient to identify all non-agency mortgage backed securities owned outright by Barclays for the trade dates [August 14, 2007], through and including [August 20, 2007], including, but not limited to, the following information: Trade Date, CUSIP, Original Face, and Price.

ECF Nos. 92-1 at 23 & 92 at 2-3.

The Trustee seeks these documents to establish "the value or price of the MBS at issue by using comparable instruments bought or sold by Barclays during the relevant time period." ECF No. 92-1 at 10. The Trustee hopes to collect from these documents information about instruments Barclays owned during the relevant time period with similar characteristics to the MBS at issue. This information, the Trustee contends, would be relevant to determining "the propriety of the value or price obtained by Barclays" for the MBS at issue. ECF No. 92-1 at 11.

Barclays argues that the documents sought in this request are not relevant to the Trustee's claims because "the sale prices of the MBS at issue were not determined by Barclays using comparable securities; the prices were set through an auction process." ECF No. 92-2 at 12. Alternatively, Barclays argues that to the extent the information related to the pricing of comparable securities is relevant, the "only relevant comparable prices are the [August 14, 2007] prices." *Id.*

---

[3] Initially, the Trustee's request covered the time period of July 2007 through August 2011. The Trustee subsequently narrowed the time period from which it requested documents. *See* ECF No. 92-3 at 5.

I agree with the Trustee that the documents sought in this request are relevant to its claims. The Trustee claims that Barclays sold the MBS at issue in a commercially unreasonable manner. A comparison of similar securities owned by Barclays between August 14, 2007 and August 20, 2007 with the MBS at issue is directly relevant to this claim. Additionally, because the Trustee has narrowed its request to documents related to a period of seven days in August 2007, there is no undue or disproportionate burden on Barclays in producing the documents. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).

The Trustee's Motion to Compel is **GRANTED** as to Document Request No. 27, as modified in ECF No. 92-3. Within seven days of the date of the accompanying Order, Barclays shall produce to the Trustee all documents sufficient to identify all non-agency mortgage backed securities owned outright by Barclays for the trade dates August 14, 2007 through and including August 20, 2007, including, but not limited to, the following information: Trade Date, CUSIP, Original Face, and Price.

C. **Document Request No. 32**

In Document Request No. 32, the Trustee seeks "all documents showing, discussing, or referring to the price or value Barclays placed on the MBS from August 14, 2007 through August 31, 2007." ECF No. 92-1 at 30. By this request, the Trustee hopes to obtain information that will help it determine the value Barclays assigned to the MBS at issue that it retained. The Trustee seeks this information to potentially counter Barclays' anticipated argument that it lost money by retaining certain of the MBS at issue. ECF No. 92-1 at 9. Barclays argues that its internal pricing of the MBS it retained when it transferred the MBS from one desk to another "would not shed light on the events of August 2007, because . . . the value of those securities continued to change as market conditions changed." ECF No. 92-2 at 13.

I find that the documents sought in this request are not relevant to any party's claims or defenses. The Trustee's primary argument for the production of these documents is to counter an argument it anticipates that Barclays will make. While the scope of discovery permitted by Rule 26(b)(1) is broad, I find that it does not reach as far as the Trustee argues in this case. The documents the Trustee seeks relate only to the internal value that Barclays placed on the MBS it retained as it transferred them between its own departments. How Barclays valued its own MBS when it transferred them internally between departments is of no value to any party's claims or defenses. The Trustee's Motion to Compel is **DENIED** as to Document Request No. 32.

### III.  CONCLUSION

For the reasons stated above, the Trustee's Motion to Compel Production of Documents (ECF No. 92-1) is **GRANTED IN PART** and **DENIED IN PART**. A separate Order accompanies this Memorandum Opinion.

Date:   August 28, 2013                           /s/
                                                Timothy J. Sullivan
                                                United States Magistrate Judge